UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Minghui Wang, individually and on behalf of all other employees similarly situated,<br><br>         Plaintiff,<br><br>      - against -<br><br>Yangtze LLC d/b/a Yangtze Riverside Restaurant, Steven Zheng, and Siwen Zheng<br><br>         Defendants. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT** |

    Plaintiff Minghui Wang ("Plaintiff") on his own behalf and on behalf of all others similarly situated employees, by and through their undersigned attorneys, hereby file this complaint against Defendants, Yangtze LLC d/b/a Yangtze Riverside Restaurant, Steven Zheng, and Siwen Zheng (collectively "Defendants") allege and show the Court the following:

## NATURE OF THE ACTION

    1.  Plaintiff allege, on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid minimum wages from defendants for work performed under 40 hours for which they did not receive statutory minimum wage pay; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law; (iii) expenses incurred on behalf of Defendants; (iv) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§201 et seq.; (v) reasonable attorney fees and costs.

2. Plaintiff further complain, on behalf of himself and a class of all other similarly situated current and former employees of the Defendants, that they are entitled to: (i) unpaid minimum and unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law; (ii) reimbursement for expenses related to tools of trade (iii) liquidated damages, costs, interest and attorneys' fees pursuant to the CMWA, Conn. Gen. Stat. §§ 31-68 -72.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

4. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

5. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of Connecticut, and the events complained of occurred in Connecticut.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and pursuant to 28 U.S.C. § 1391(c) because Defendants Yangtze LLC, Steven Zheng and Siwen Zheng are subject to personal jurisdiction in the State of Connecticut.

## THE PARTIES

7. Plaintiff was, at all relevant times, adult individual residing in Queens county, New York.

8. Plaintiff Wang was employed by Defendants from April 2015 to June 2016,

as a delivery man for Yangtze Riverside Restaurant.

9. Upon information and belief Yangtze LLC. is a company registered in Connecticut in 2008. Steven Zheng and Siwen Zheng are owners and operators of Yantze LLC located at 1074 East Putman Avenue, Riverside, CT 06878, Yangtze LLC is at all relevant times an employer of Plaintiff under state and federal law.

10. Upon information and belief, Defendant Steven Zheng is an owner, officer, shareholder, and manager of Yangtze LLC d/b/a Yangtze Riverside Restaurant. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the restaurant, establish their wages, set their work schedules, and maintain their employment records.

11. Upon information and belief, Defendant Siwen Zheng is an owner, officer, shareholder, and manager of Yangtze LLC d/b/a Yangtze Riverside Restaurant. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the restaurant, establish their wages, set their work schedules, and maintain their employment records.

12. During the times relevant to this Complaint, Defendants have employed more than ten (10) employees and generated more than $500,000 in revenues every year from 2015 to the present.

13. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the Fair Labor Standards Act.

14. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning

of FLSA 29 U.S.C. §§ 206(a) and 207(a).

15.     Defendants employed the Plaintiff as employees within the meaning of FLSA § 203.

## COLLECTIVE ACTION ALLEGATIONS

16.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since April 2015 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked, minimum wages, and overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least five (5) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claim.

18.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

19.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

20. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   e. whether Defendants willfully failed to reimburse Plaintiff for the expenses related to performing working duties for Defendants;

   f. whether Defendants willfully retained part of the earned gratuities from Plaintiff and the Collective Action Members in violation of FLSA;

   g. whether Defendants' violations of the FLSA are willful as that term is used

        within the context of the FLSA;

    h.    whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    i.    whether Defendants should be enjoined from such violations of the FLSA in the future.

21.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

22.    At all relevant times, the defendant Yantze LLC d/b/a Yangtze Riverside Restaurant was located at 1074 East Putman Avenue, Riverside, CT 06878.

23.    Upon information and belief, Defendants employed at least three (3) employees at any one time in their restaurants. Plaintiff and a large number of Defendants' other employees have not received their: (i) wages for all hours worked, including minimum wages; (ii) overtime pay as required by the Fair Labor Standards Act and CMWA, Conn. Gen. Stat. §§ 31-68(a), 31-72; (iii) expenses incurred on behalf of Defendants.

24.    Plaintiff Wang was employed by Defendants from April 1, 2015 to June 30, 2016 as a delivery man at Yangtze Riverside Restaurant.

25.    The Defendants initially paid the Plaintiff a monthly flat wage of $1,800 until April 1, 2016 and then Plaintiff's monthly flat wage was raised to $2,000 per month until the end of Plaintiff's employment.

26.    Plaintiff was paid in cash only.

27.    Defendants required Plaintiff Wang to work according to the following

schedule: Tuesdays through Fridays: 10:40 a.m. to 10:00 p.m.; Saturdays and Sundays: 10:40am to 11:00pm; Plaintiff had Mondays off.

28. Defendants usually required Plaintiff to arrive at work about 20 minutes before the posted restaurant opening hour.

29. Plaintiff was required to work for Defendants well in excess of forty (40) hours per week, at about seventy hours (70) per week, yet Defendants failed to pay Plaintiff all overtime compensation for hours he worked in excess of forty hours per week.

30. Plaintiff did not have any uninterrupted breaks nor meal time during work days.

31. Occasionally the Plaintiff was required to work approximately thirty (30) minutes past the posted closing hours of the restaurant when he was out making some end of the day deliveries.

32. To perform the delivery duties, Plaintiff Wang spent at his own expense about $72 per week on gas and at least $800 on repair and maintenance of the vehicle. Plaintiff was not reimbursed for any of the aforementioned expenses. For the purpose of making deliveries for the Defendants' business, the Plaintiff drove approximately seventy (70) miles per day or about 27,300 miles for the relevant period.

33. When Plaintiff was not out making deliveries, he was required to do miscellaneous side-work in the kitchen, including but not limited to preparing vegetables.

## STATEMENT OF CLAIMS

### *FIRST CLAIM FOR RELIEF:*

### *FAIR LABOR STANDARDS ACT*

34. Plaintiff on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

35. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

37. Upon information and belief, at all relevant times, the Corporate Defendants have each had gross revenues in excess of $500,000.

38. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

39. At all relevant times, the Defendants had a policy and practice of refusing to pay minimum wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

40. Defendants willfully failed to pay its employees, including Plaintiff and the Collective Action members, the federal statutory minimum wage throughout his entire employment in violation of 29 U.S.C. § 206(a)(1).

41. Defendants willfully retained part of the earned gratuities from Plaintiff and

the Collective Action Members in violation of 29 C.F.R. 531.52, and the FLSA, 29 U.S.C. §203(m).

42. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 207(a) (1).

43. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 211(c).

44. At all relevant times, Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants. As a result of Defendants' unlawful conduct, Defendants should pay the actual expenses incurred by Plaintiff, or alternatively, Plaintiff should be reimbursed at the applicable IRS mileage rate.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Defendants are jointly and severally liable to all delivery workers for violations of their rights under federal law.

47. Due to Defendants' FLSA violations, Plaintiff, on behalf of themselves and the Collective Action members, are entitled to recover from Defendants their unpaid wages, unpaid minimum wages, their unpaid overtime compensation, an additional amount equal as liquidated

damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## *SECOND CLAIM FOR RELIEF:*

## *CONNECTICUT WAGE AND HOUR LAW*

48. Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

49. At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of Conn. Gen. Stat. § 31-58(f).

50. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class by failing to pay them compensation for all hours worked, the state statutory minimum wage as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of Conn. Gen. Stat. §§31-60, 31-76C.

51. Defendants willfully failed to distribute accurate records of hours worked, earnings and overtime to the restaurant workers, in violation of Conn. Gen. Stat. § 31-13a.

52. Defendants willfully failed to keep accurate records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. § 31-66.

53. Defendants willfully withheld certain portion of wages and tips from employees without being empowered by law or authorized by the employee, in violation of Conn. Gen. Stat. § 31-71e.

54. Defendants willfully failed to post a notice of the restaurant minimum wage order, Conn. State Agencies § 31-62-E1 and of regulations issued by the Labor Commissioner of

the State of Connecticut, in violation of Conn. Gen. Stat. § 31-66.

55. Defendants willfully failed to post a notice with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters, in violation of Conn. Gen. Stat. § 31-71f.

56. Defendants willfully failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules, in violation of Conn. Gen. Stat. § 31-71f.

57. Defendants willfully failed to provide 30 consecutive minutes for a meal within a seven and one-half hour time period, in violation of Conn. Gen. Stat. § 31-51ii(a).

58. Because Defendants failed to post and keep posted a notice explaining Connecticut's Wage and Hour Law in conspicuous places in their establishment, so as to permit their employees to readily observe a copy, and because the Plaintiff had no other knowledge, actual or constructive, of their rights under Connecticut Wage and Hour Law, Plaintiff is entitled to the equitable tolling of their Connecticut Wage and Hour Law claims.

59. As a result of these violations, all restaurant works suffered damages.

60. Defendants are jointly and severally liable to all restaurant workers for violations of their rights under state law.

61. Due to the Defendants' CMWA violations, Plaintiff and the members of the Class are entitled to recover from Defendants twice amount of their unpaid wages, unpaid minimum wages and unpaid overtime compensation, interests, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to Conn. Gen. Stat. §§ 31-68(a), 31-76.

### *THIRD CLAIM FOR RELIEF:*

### *FAILURE TO REIMBURSE EXPENSES RELATING TO TOOLS OF THE TRADE*

62. Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

63. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

64. Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade, that is, gas and car maintenance and repair. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

65. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

66. As a result of Defendants' unlawful conduct, Plaintiff is seeking damages equal to the actual expenses incurred by Plaintiff, or alternatively, reimbursement at the applicable IRS mileage rate.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action

Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the CMWA;

e. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of overtime compensation, minimum wages, and illegally retained portion of tips due under the FLSA and the CMWA;

g. Reimbursement of all actual work related expenses incurred, or alternatively reimbursement at the applicable IRS mileage rate.

h. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C § 216 and the CMWA;

i. An award of damages arising out of the non-payment of wages;

j. An award of prejudgment and post-judgment interest;

k. Award Plaintiff compensatory damages for Defendants' violations of Connecticut common law (including breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract implied through quantum meruit), plus interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other and further relief as this Court deems just and proper.

Dated: Flushing, New York April 4, 2018        HANG & ASSOCIATES, PLLC.

    *S/JIAN HANG*
Jian Hang (ct29549)
136-20 38th Ave., Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com

*Attorneys for Plaintiff*