# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

January 29, 2018

Jian Hang, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: jhang@hanglaw.com

**VIA ECF**
Hon. Sarah A. L. Merriam
United States Magistrate Judge
141 Church Street
New Haven, Connecticut 06510

       Re:    Wang v. Yangtze LLC, et al.
                  Case No. 18-cv-00571

Dear Hon. Sarah A. L. Merriam:

      We are counsel to the Plaintiff. We write to respectfully request that Your Honor approve the settlement and dismiss this action against Defendants Yangtze LLC, Steven Zheng, and Siwen Zheng (collectively hereinafter referred to as "Defendants"). Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

      **Settlement Amount**

      Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and the Connecticut Minimum Wage Act ("CMWA") Gen. Stat. §§ 31-68(a), 31-72.

      Plaintiff Wang was formerly employed as a delivery man for Defendants' restaurant. Plaintiff Wang alleged he worked approximately seventy (70) hours each week from April 2015 until June 2016. Throughout his employment, he was paid $1,800 per week until April 1, 2016 and then $2,000 per month until the end of his employment.

      If Plaintiff was to prevail on all of his FLSA claims, his unpaid minimum wage and overtime premiums, exclusive of liquidated damages, would total approximately $23,948.25. Plaintiff is confident that he can prove his allegations through witness testimonies and documentary evidence.

Defendants' Answer denied all of Plaintiff's allegations of unlawful practices and policies. Defendants also maintain that through objective evidence and witness testimony, they would be able to prevail on their defenses.

Nevertheless, the parties agreed on the settlement amount of $7,500 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

The gross settlement amount is $7,500.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $3,000.00 with settlement payments to Plaintiff of $4,500.00. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged violations of the FLSA and CMWA. This amount also considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties' attorneys and a settlement conference before the magistrate judge. The parties agree that the settlement is fair and reasonable.

**Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff, the firm will be reimbursed $750.00 in filing fees and other costs of litigation, and retain 33% of the remaining settlement amount of $6,750.00 as attorneys' fees, which is $2,250.00. Based on this firm's experience in handling FLSA and CMWA matters, this is a standard and acceptable arrangement for attorneys' fees.

The Court should find that Plaintiff's counsel's contingent fee arrangement with the Plaintiff is also fair and reasonable. Public policy favors a common fund attorney's fee award in wage and hour cases. *Frank v. Eastman Kodak Co.*, 228 FRD 174, 189 (W.D.N.Y. 2005). Fee awards in wage and hour cases provide incentive to private attorneys to prosecute the claims of those victims of such unfair practices whose wage claims might otherwise be too small to justify. *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120 * 9 (S.D.N.Y. Jan. 7, 2010). If such fee awards were not granted, wage and hour abuses "would go without a remedy because attorneys would be unwilling to take on the risk." *McMahon v. Olivier Cheng Catering & Events, LLC*, 2010 U.S. Dist. LEXIS 18913 *19-20 (S.D.N.Y. Mar. 2, 2010). Attorney's fees in FLSA settlements are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362 at 366, 2013 U.S. Dist. LEXIS 79543 (S.D.N.Y. 2013) (quoting *Wolinsky*, 900 F. Supp. 2d at 336). Courts have found that applying the percentage-of-recovery method is sound policy as it "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *In re WorldCom, Inc*. ERISA No. 02 Civ. 4816, 2005 U.S. Dist. LEXIS 28686, at *23-24 (S.D.N.Y. Nov. 21, 2005) citing (*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005)). The percentage method also promotes early resolution, s*ee, e.g. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005), and it "relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions." *Id*. (internal citations omitted). Here, the contingent fee arrangement with the Plaintiff clearly aligns Plaintiff and Plaintiff's counsel's interest in the outcome of the litigation.

  Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates, Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $350 per hour is reasonable. Hang & Associates worked on this case since its onset, including interviewing the client, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, conducting legal research, attending court conferences in New Haven, negotiating with opposing counsel, preparing and revising the settlement agreement, and preparing this submission. Hang & Associates spent a considerable amount of time on this matter, and had it been billing hourly, it would have incurred fees and costs of $5,755.

  Counsel for the Plaintiff and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

            Respectfully submitted,

            */s/ Jian Hang*
            Jian Hang, Esq.

Cc: All parties on record (via ECF)
Attach: Attorney bill