## SETTLEMENT AGREEMENT AND RELEASE

YANGTZE LLC d/b/a YANGTZE RIVERSIDE RESTAURANT AND STEVEN ZHENG, (hereinafter referred to as "Releasees" or "Yangtze") and Minghui Wang (hereinafter referred to as "Wang"), his heirs, executors, administrators, successors, and assigns agree that:

WHEREAS, Wang has asserted claims against Releasees and had filed a Complaint in United States District Court for the District of Connecticut, bearing Docket No. 3:18-cv-00571 (JAM), and for alleged failure to pay wages and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Conn. Gen. Stat. §§ 31-68(a) et. seq., and Connecticut common law claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, quantum meruit and failure to reimburse expenses related to tools of the trade.

WHEREAS, although Releasees deny all of Wang's asserted and unasserted claims, and there has been no finding by any court or government agency that Yangtze is liable to Wang for any of their claims, the parties wish to resolve any and all claims between the parties to avoid the uncertainty, expense and burden of litigation;

NOW, THEREFORE, in consideration of all the terms and conditions set forth below and for other good and valuable consideration, Releasees and Wang agrees to the following terms:

### I.   Consideration.

In consideration for Wang signing this Settlement Agreement and Release (the "Agreement") and in full and final settlement of all possible wage and hour claims Wang has or could have against Releasees, known or unknown, and for their further compliance with all of the terms and promises made herein, Releasees agree:

To furnish a total single gross lump sum of **Seven Thousand and Five Hundred Dollars and Zero Cents ($7,500.00)** (the "Settlement Amount") to Wang and his attorney, Hang & Associates, PLLC, as a gross lump sum settlement, representing full and final settlement payment for the total sum of all of their wage and hour claims (asserted and unasserted) and all of their alleged damages, both economic and non-economic, attorney's fees, inclusive of physical injuries, emotional distress and/or loss of benefits against Releasees, with payment to be divided and allocated as follows:

   a)   By and before 30 days after this agreement is approved by the court $4,500 payable to "Minghui Wang", and $3,000 payable to "Hang and Associates, PLLC."

Plaintiff further agrees to deliver a fully completed and signed W-9 form to counsel for Defendants no later than the same date that Plaintiff delivers this signed Agreement to Defendants. Hang & Associates, PLLC also agrees to deliver a fully completed and signed form W-9 to counsel for Defendants no later than the same date that Plaintiff delivers this signed Agreement to Defendants. An IRS Form 1099 shall also be issued to Plaintiff for the amounts paid to Plaintiff. An IRS Form

1

1099 shall also be issued to Hang & Associates, PLLC for the amounts paid to Hang & Associates, PLLC.

## II.    No Consideration Absent Execution of this Agreement.

Wang understands and agrees that he would not receive the monies and other benefits specified in Paragraph I above, except for their execution of this Agreement and their fulfillment of all of the terms and conditions contained herein.

## III.    Release of Wage and Hour Claims.

Wang knowingly and voluntarily releases and forever discharges, to the fullest extent permitted by law, Releasees and all of its direct and indirect parents, affiliates, subsidiaries, divisions, predecessors, successors, agents, and assigns, all current and former directors and officers, employees, its insurers, attorneys, executors, administrators, trustees and agents thereof (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all wage and hour claims, known and unknown, asserted and unasserted, Wang has, may have, or ever had against Releasees from the beginning of time, up to and including the date of the execution of this Agreement, and specifically, the legal action currently pending with the United States District Court, as stated above, for which he shall file a Stipulation of Dismissal as part of the terms of this Agreement, and including, but not limited to, to fully release Releasees from any alleged violation(s) of:

- The Fair Labor Standards Act, 29 U.S.C. § 216(b);

- The Connecticut Wage and Hour Law; and

- Any basis for assigning costs, fees, or other expenses including but not limited to travel expenses, litigation costs, and/or attorneys' and costs incurred in this matter.

## IV.    Affirmations.

Wang affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, grievance, or action against Yangtze in any forum, or form, with the exception of the pending legal action as stated above. Wang agrees that he shall not assist, promote, provide evidence against, or become a party or a witness to any claim and/or complaint brought against Releasees by any third parties unless so required by law.

Wang further affirms that he has been paid and/or have received all leave (paid or unpaid), compensation, wages, bonuses, commissions, profit sharing and/or benefits to which they may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, profit sharing and/or benefits are due to them, except as provided under the terms of this Settlement Agreement.

Wang acknowledges and affirms that he is competent to knowingly and voluntarily enter into this Agreement and to understand and agree to its terms and conditions. Wang is represented

by Attorney Jian Hang in this case, and he understands that if he requires assistance in understanding the terms and conditions of this Agreement, he shall consult and have had the opportunity to consult with his attorney prior to executing this Agreement. Wang further affirms that he is unaware of any impediments to his ability to understand and abide by the terms of this Agreement.

### V.    Future Employment.

Wang agrees that, because of circumstances unique to him and because of irreconcilable differences between him and Yangtze, they shall never apply in the future for employment with Yangtze, and/or any of its subsidiary companies. Wang agrees that any application for employment submitted by him to Yangtze thereof may be denied without liability of any kind based on this Agreement.

### VI.    Governing Law and Interpretation.

This Agreement shall be governed and conformed in accordance with the laws of the State of Connecticut without regard to its conflict of laws provision. In the event Wang and/or Releasees breach any provision of this Agreement, Wang and Releasees affirm that either may institute an action to specifically enforce any term or terms of this Agreement. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. It is further understood that both parties and their respective counsel have mutually contributed to the preparation of and have had the opportunity to and revise this Agreement. Accordingly, no provision of this Agreement shall be construed against any party because that party or its counsel drafted the provision. This Agreement and all of its terms shall be construed equally as to all parties.

### VII.    Non-Admission of Wrongdoing.

The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time or for any purpose as an admission by Releasees of any wrongdoing or liability or unlawful conduct of any kind towards Wang.

### VIII.    Security for Payment of Consideration

Defendants, Steven Zheng has delivered to the attorney for the Plaintiffs, Jian, Hang, Esq., their Affidavits of Confession of Judgment in the form annexed hereto as Exhibit A, upon the following terms and conditions:

The original Affidavits of Confession of Judgment were turned over to Jian Hang, Esq. simultaneously with the signing of the Settlement Agreement, to secure the defendants' obligation to make the payments of consideration provided for in paragraph 1 of the settlement agreement..

Once all settlement payments are fully paid by defendants, Plaintiff Wang will further knowingly and voluntarily release and discharge, to the fullest extent permitted by law, Yantze LLC d/b/a Yangtze Riverside Restaurant, Steven Zheng, and all of their direct and indirect parents, affiliates, subsidiaries, divisions, predecessors, successors, agents, and assigns, all current and former directors and officers, employees, its insurers, attorneys, executors, administrators, trustees and agents thereof of and from any and all claims, known and unknown, asserted and unasserted to be released by the section **III. Release of Wage and Hour Claim** of this Settlement Agreement.

### IX. Amendment.

This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

### X. Entire Agreement.

This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Wang acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

**WANG HAS BEEN ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT AND HAVE BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO HIS EXECUTION OF THIS AGREEMENT.**

**WANG AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS IN PARAGRAPH I ABOVE, WANG FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS AGAINST RELEASEES.**

IN WITNESS WHEREOF, Minghui Wang, Yangtze LLC, and Steven Zheng, hereto knowingly and voluntarily executed this Agreement as of the _____ day of _____, 2019.

_MINGHUI WANG_ (signed)  3/06/2019
Minghui Wang                                Date

Subscribed and sworn to before me this _6th_ day of _March_, 2019.

JIAN HANG
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6280171
Qualified In Queens County
My Commission Expires April 22, 20_21_

Notary Public/Commissioner of the Court
My Commission Expires: _4/22/21_

_____        _____
On Behalf of Yangtze LLC                     Date

Subscribed and sworn to before me this _____ day of _____, 2018.

Notary Public/Commissioner of the Court
My Commission Expires: _____

_____        _____
Steven Zheng                                 Date

Subscribed and sworn to before me this _____ day of _____, 2018.

Notary Public/Commissioner of the Court
My Commission Expires: _____

5

IN WITNESS WHEREOF, Minghui Wang, Yangtze LLC, and Steven Zheng, hereto knowingly and voluntarily executed this Agreement as of the _____ day of _____, 2019.

_____          _____
Minghui Wang                                              Date

Subscribed and sworn to before me this _____ day of _____, 2019.

                                                          _____
                                                          Notary Public/Commissioner of the Court
                                                          My Commission Expires: _____

_____          3/22/19
On Behalf of Yangtze LLC                              Date
Steven Zheng

Subscribed and sworn to before me this 22nd day of MARCH, 2018.

    Friedrich M. Helisch
    Commissioner of the Superior Court       _____
         Juris #424940                        Notary Public/Commissioner of the Court
                                              My Commission Expires: _____

_____          3/22/19
Steven Zheng                                          Date

Subscribed and sworn to before me this 22nd day of MARCH, 2018.

    Friedrich M. Helisch
    Commissioner of the Superior Court       Notary Public/Commissioner of the Court
         Juris #424940                        My Commission Expires: _____

5

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------------------------------------X
Ming Hui Wang

                             Plaintiff,

                 -against-

Yangtze LLC. d/b/a Yangtze Riverside Restauant,
Steven Zheng, and Siwen Zheng

                            Defendants.
---------------------------------------------------------------X

3:18-CV-00571-JAM

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF CONNECTICUT)
                      ) ss:
COUNTY OF          )

_____. being duly sworn, deposes and says:

1.    Yangtze LLC is an owner of Yangtze Riverside Restaurant located at 1074 East Putnam Avenue, Riverside, CT 06878.

2.    I have authority to sign on behalf of Yangtze LLC and am duly authorized to make this Affidavit of Confession of Judgment on behalf of Yangtze LLC.

3.    Yangtze LLC hereby confesses judgment and authorizes entry of judgment against Yangtze LLC (collectively, "Defendants"), jointly and severally, in favor of Plaintiff for the sum of $15,000.00, less any settlement monies already paid, pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement"), entered into and signed by Plaintiff and Defendants in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

4. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement.

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, District of Connecticut, whereby the Defendants agreed to pay Plaintiff the total sum of $7,500.00, with $4,500.00 payable to "Minghui Wang" and $3,000.00 payable to "Hang & Associates, PLLC" due within thirty days of the Court's approval of the Stipulation and Order of Dismissal with Prejudice.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or the corporations stated herein, collectively or individually, have any ownership interest.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, Hang & Associates, PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release.

8. Defendants' failure to make timely payments on the written settlement agreement terms shall be subject to a nine (9%) percent interest charge.

Yangtze LLC

By _Steven Zheng_

Sworn to and subscribed before me this
22nd day of MARCH, 2019

NOTARY PUBLIC

8

Friedrich M. Helisch
Commissioner of the Superior Court
Juris #424940

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------X
Ming Hui Wang

                         Plaintiff,

                   -against-

Yangtze LLC. d/b/a Yangtze Riverside Restauant,
Steven Zheng, and Siwen Zheng

                       Defendants.
-------------------------------------------------------------------X

3:18-CV-00571-JAM

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF CONNECTICUT)
                           ) ss:
COUNTY OF         )

Steven Zheng, being duly sworn, deposes and says:

1. I, Steven Zheng, am a manager of Yangtze Sushi & Pan Asian. and reside at _____.

2. I have authority to sign on behalf of myself, and on behalf of Yangtze LLC and am duly authorized to make this Affidavit of Confession of Judgment on my own behalf and on behalf of Yangtze LLC.

3. I, Steven Zheng, hereby confess judgment and authorize entry of judgment against myself and Yangtze LLC (collectively, "Defendants"), jointly and severally, in favor of Plaintiff for the sum of $15,000.00, less any settlement monies already paid, pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement"), entered into and signed by Plaintiff and Defendants in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

9

4. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement.

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, District of Connecticut, whereby the Defendants agreed to pay Plaintiff the total sum of $7,500.00, with $4,500.00 payable to "Minghui Wang" and $3,000.00 payable to "Hang & Associates, PLLC" due within thirty days of the Court's approval of the Stipulation and Order of Dismissal with Prejudice.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or the corporations stated herein, collectively or individually, have any ownership interest.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, Hang & Associates, PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release.

8. Defendants' failure to make timely payments on the written settlement agreement terms shall be subject to a nine (9%) percent interest charge.

_____
Steven Zheng

Sworn to and subscribed before me this
22ⁿᵈ day of MARCH, 2019

_____
NOTARY PUBLIC

Friedrich M. Helisch
Commissioner of the Superior Court
Juris #424940

10