```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
MINGHUI WANG                  :    Civ. No. 3:18CV00571(SALM)
                              :
v.                            :
                              :
YANGTZE LLC, STEVEN ZHENG,    :
and SIWEN ZHENG               :    March 28, 2019
                              :
------------------------------x
```

### ORDER APPROVING AMENDED SETTLEMENT AGREEMENT [Doc. #43]

On April 4, 2018, plaintiff Minghui Wang ("plaintiff") filed a Complaint against defendants Yangtze LLC, Steven Zheng, and Siwen Zheng (collectively referred to as the "defendants"). [Doc. #1, Complaint]. The Complaint alleges that defendants failed to pay plaintiff overtime and minimum wages in violation of both the Connecticut Minimum Wage Act and the Fair Labor Standards Act ("FLSA"). See id. at 8-11. The Complaint also alleges that defendants failed and refused "to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants." Id. at 12.

On September 19, 2018, Judge Janet C. Hall referred this matter to the undersigned for a settlement conference [Doc. #17], which was conducted in person on November 26, 2018. [Docs. #33, #36]. Plaintiff and defendants reached agreement on the material terms of a settlement following the November 26, 2018,

1

settlement conference. On January 29, 2019, the parties filed a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. [Doc. #38]. This matter was thereafter transferred to the undersigned. [Doc. #39].

On January 29, 2019, the parties also filed a motion for approval of a settlement agreement executed in furtherance of the settlement reached during the November 26, 2018, settlement conference. [Doc. #37]. On February 12, 2019, the Court held a telephonic status conference with counsel for plaintiff and counsel for defendants to discuss the Court's concerns with the settlement agreement as drafted, including: (1) what appeared to be typographical errors in the proposed confessions of judgment; (2) the separate signatures of the named individual defendants, who defendant Steven Zheng ("Zheng") represented were actually the same person; and (3) the language of the non-disparagement clause. [Docs. #40, #42]. Following the February 12, 2019, telephonic status conference, the Court issued an order denying, without prejudice to re-filing, the motion for approval of the settlement agreement. [Doc. #41]. The Court indicated that "[c]ounsel may file an amended settlement agreement for the Court's consideration." Id. On March 26, 2019, plaintiff filed for the Court's consideration a copy of a settlement agreement

signed in March 2019 (hereinafter the "amended settlement agreement"). [Doc. #43].[1]

The amended settlement agreement provides that plaintiff will release all wage and hour claims against defendants Yangtze LLC ("Yangtze") and Zheng in exchange for payment of $7,500, of which $3,000 would be allocated to plaintiff's counsel as attorney's fees and costs. See Doc. #43 at 1. Presumably, by filing the amended settlement agreement, the parties seek the Court's approval of that agreement. [**Doc. #43**]. For the reasons articulated below, the parties' amended settlement agreement is **APPROVED**, and plaintiff's claims against defendants are **DISMISSED, with prejudice**.[2]

## APPROVAL OF THE SETTLEMENT

The Second Circuit has resolved the previously unsettled question of "whether parties may settle FLSA claims with prejudice, without court approval or [Department of Labor ("DOL")] supervision, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." Cheeks v. Freeport Pancake House, Inc., 796

---

[1] The amended settlement agreement has been filed on the docket as a "Motion for Settlement *agreement approval*[]." Doc. #43 (sic). However, because there is no motion attached thereto, the Court terminates the motion reflected at docket entry 43.

[2] Attached to the amended settlement agreement is a Stipulation of Dismissal with Prejudice in which plaintiff "dismisses this action, with prejudice and without an award of costs and disbursements." Doc. #43-1.

F.3d 199, 201 (2d Cir. 2015) (footnote omitted). The Second Circuit held that court or DOL approval is required:

> Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect. Requiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work."

Id. at 206 (quoting A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945)). The Court therefore must review a proposed settlement and determine whether it is fair in light of the particular circumstances of the case and in light of the remedial purposes of the FLSA:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation and internal quotation marks omitted).

A court may approve an FLSA settlement reached as a result of contested litigation if it determines that the proposed settlement "is a fair and reasonable resolution of a bona fide

dispute over FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982); see also Aros v. United Rentals, Inc., No. 3:10CV00073(JCH) and related cases, 2012 WL 3060470, at *2 (D. Conn. July 26, 2012).

Having assisted the parties in mediating this dispute, the Court is in a good position to evaluate the fairness of the proposed agreement. The Court finds that the proposed amended settlement agreement is fair and reasonable and satisfies the requirements for settlement approval under federal law as summarized in Wolinsky.[3] (1) The proposed settlement amount is reasonable in light of plaintiff's range of possible recovery. See Doc. #37 at 1. (2) The agreement was reached shortly after the parties completed discovery; no dispositive motions had been filed, enabling the parties to avoid substantial expense in pursuing their claims and defenses. (3) There were significant factual disputes, including a statute of limitations issue, presenting litigation risks to both parties. (4) The amended settlement agreement is the product of arm's-length bargaining between two parties represented by qualified counsel with experience in this field. (5) The Court sees no possibility of fraud or collusion.

---

[3] Additionally, the amended settlement agreement cures each of the concerns raised by the Court during the February 12, 2019, telephonic status conference.

5

The FLSA settlement in this case was the result of contested litigation and arm's-length negotiations facilitated by the undersigned; accordingly, approval of the amended settlement agreement is appropriate. See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved.").

## AWARD OF FEES AND COSTS TO PLAINTIFF'S COUNSEL

"The FLSA provides for 'reasonable' attorneys' fees." Aros, 2012 WL 3060470, at *4 (citing 29 U.S.C. §216(b)).

> The Court must also separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined. Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients. Where the fees are set as part of negotiations between the parties, there is a greater range of reasonableness for approving attorney's fees.

Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (internal citations and quotation marks omitted).

"Fee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" Aros, 2012 WL 3060470 at *4 (quoting Sand v. Greenberg, No. 08CV7840(PAC), 2010 WL 69359, at *3 (S.D.N.Y.

6

Jan. 7, 2010)). "Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA." Id.

The amended settlement agreement provides for payment to plaintiff's counsel, Hang and Associates, PLLC, of $3,000 in attorney's fees and costs. See Doc #43 at 1; see also Doc. #37 at 2. Plaintiff's counsel represents:

> Pursuant to our firm's agreement with the Plaintiff, the firm will be reimbursed $750.00 in filing fees and other costs of litigation, and retain 33% of the remaining settlement amount of $6,750.00 as attorneys' fees, which is $2,250.00.

Doc. #37 at 2.[4]

The Court finds this fee reasonable. The requested fee is reasonable in light of plaintiff's counsel's work performed to date, including the identification, investigation, and prosecution of plaintiff's claims; conduct of discovery; and negotiation of the settlement. See Doc. #37 at 3; see also Aros, 2012 WL 3060470, at *7. The Court further finds that the settlement does not favor plaintiff's counsel over plaintiff

---

[4] In order for the Court to adequately assess the reasonableness of the requested fee, "counsel needs to provide a factual basis for a fee award that should include some reference to contemporaneous time records." Thallapaka v. Sheridan Hotel Assocs. LLC, No. 15CV1321(WHP), 2015 WL 5148867, at *2 (S.D.N.Y. Aug. 17, 2015). Here, plaintiff's counsel attached his contemporaneous time records to the original motion seeking approval of the settlement agreement, see Doc. #37-1, and provided a statement in the motion concerning his experience and hourly rate. See Doc. #37 at 3.

7

himself; indeed, the attorneys' fees sought (not including costs) represent approximately 30 percent of the total stipulated settlement, which is generally called for by many standard contingency fee arrangements. See Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 343 (S.D.N.Y. 2016) ("Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount."); see also Rangel v. 639 Grand St. Meat & Produce Corp., No. 13CV3234(LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (attorney's fees consisting of one-third of settlement amount, plus costs, are "routinely approved by courts in this Circuit." (collecting cases)).

## CONCLUSION

For the reasons set forth herein, the parties' amended settlement agreement is **APPROVED**, and plaintiff's claims are **DISMISSED, with prejudice**, in their entirety, without an award of costs to any party, except as specifically provided for in the amended settlement agreement and in this Order.

The Clerk of the Court is directed to file the Stipulation of Dismissal attached to the amended settlement agreement at document number 43-1 as a separate document.

The Court retains jurisdiction over this action for thirty days for the purpose of enforcing the amended settlement

agreement. The parties shall abide by the terms of the amended settlement agreement, and this Order.

SO ORDERED at New Haven, Connecticut this 28th day of March, 2019.

                                                /s/
                                  HON. SARAH A. L. MERRIAM
                                  UNITED STATES MAGISTRATE JUDGE